# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESSICA LYNN TRAN, <br><br> Defendant. | No. CR12-4009-MWB-2 <br><br> **REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS** |

On February 22, 2012, the defendant and Gene Boykin, Jr., were charged in a superseding indictment with possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(D), and 860, and with possession of a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Doc. No. 7. On April 26, 2012, the defendant filed a motion to suppress under seal (Doc. No. 29), which she amended on May 3, 2012 (Doc. No. 38). On May 10, 2012, the court held an evidentiary hearing on the motion. Sioux City Police Officers Jacob Noltze and Joshua Tyler testified on behalf of the government. The defense called no witnesses. The matter is now fully submitted.

## *Background*

At about four o'clock on the afternoon of December 20, 2011, Sioux City Police Officers Noltze and Tyler began surveilling the defendant's residence. The police had a warrant for the arrest of the defendant's boyfriend, Gene Boykin, and they believed he could be found at the defendant's residence. As they watched the house, they observed Boykin leave the residence to walk his dog and then re-enter the residence. They also observed four different vehicles arrive at the residence, with people from the vehicles entering the residence and then leaving after less than 20 minutes.

At about 7 o'clock, the police observed a pizza delivery man approach the residence to deliver a pizza. Boykin paid for the pizza at the door, and the delivery man left. A short time later, Officers Noltze and Tyler approached the residence. As they did so, they detected a strong odor of marijuana. They knocked on the door, and Boykin asked who it was. Officer Noltze responded that he was the pizza delivery man. Boykin opened the door, and the officers grabbed him and pulled him onto the porch, where they arrested and handcuffed him. Through the open door, officers observed the defendant standing near several bags of marijuana and what appeared to be the grip of a pistol. The police told the defendant "to stay put and not move," and then entered the residence to secure her. The police asked Boykin if there were any other weapons in the house, and he told them there was a gun in the bedroom. With the assistance of Woodbury County deputy sheriffs who had arrived at the scene, Officer Tyler then performed a protective sweep of the entire residence, but did not seize any evidence.

Officer Noltze applied for and obtained a search warrant of the defendant's residence. During the search, officers seized several bags and containers of marijuana, three marijuana plants, ammunition, and weapons.

## *Discussion*

The defendant contends that the search by law enforcement of her home without a warrant was not justified, arguing, *inter alia*, that the warrantless search was not justified by the warrant for Boykin's arrest, by exigent circumstances, by the "plain view" doctrine, by the right to conduct a protective sweep, or as a search incident to arrest. Furthermore, the defendant maintains that the search warrant was obtained on the basis of evidence from the warrantless search of her home, and thus was unlawful. None of these arguments has merit.

The police had the right to enter the defendant's home to arrest Boykin. They had a warrant for his arrest, and they knew he was in the defendant's home.

> A valid arrest warrant carries with it the authority to enter the residence of the person named in the warrant in order to execute the warrant so long as the police have a reasonable belief that the suspect resides at the place to be entered and that he is currently present in the dwelling.

*United States v. Clayton*, 210 F.3d 841, 843 (8th Cir. 2000) (citing *Payton v. New York*, 445 U.S. 573, 603, 100 S. Ct. 1371, 1388 (1980); *United States v. Boyd*, 180 F.3d 967, 977 (8th Cir. 1999)).

After they observed in plain view inside the house marijuana and what appeared to be a pistol in the vicinity of the defendant, they had the right to enter the home to secure the defendant. "[A] legitimate concern for the safety of law enforcement officers or other individuals constitutes exigent circumstances that justify warrantless entry. When there is a reasonable fear of harm, a warrantless entry may be justified." *United States v. Hill*, 430 F.3d 939, 941 (8th Cir. 2005) (citations and internal quotation marks omitted). As the officers apprehended Boykin, they saw the defendant in the house in the vicinity of marijuana and what appeared to be a gun. At about the same time, Boykin told them there was another firearm in the house. Under these circumstances, the officers had every right to be concerned about their safety. This created exigent circumstances for them to enter the house and secure the residence until they could obtain a search warrant. "Unexpected and dangerous events that arise during an arrest can create exigent circumstances that justify law enforcement officers entering a residence in order to protect themselves from any additional and unknown threats." *Id.*

Because the officers knew the defendant was in the house, and they also had reason to believe there were at least two guns in the house and quantities of marijuana, they had the right to conduct a protective sweep of the house for persons and weapons, and then secure the house until a search warrant could be obtained. "The Fourth Amendment

permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *United States v. Green*, 560 F.3d 853, 856 (8th Cir. 2009) (quoting *Maryland v. Buie*, 494 U.S. 325, 337, 110 S. Ct. 1093, 1099-1100 (1990)) (internal quotation marks omitted). "To be 'properly limited,' a protective sweep must be 'a quick and limited search of premises . . . conducted to protect the safety of police officers or others [and] narrowly confined to a cursory visual inspection of those places in which a person might be hiding.'" *Id.* (alteration in original) (quoting *Buie*, 494 U.S. at 327, 110 S. Ct. at 1094). "[A]n officer arresting a suspected drug trafficker in one room of a multi-room residence is justified in conducting a *Buie* sweep out of concern that there could be individuals lurking in the other rooms who may resort to violence to thwart the arrest." *Id.* (alteration in original) (quoting *United States v. Cash*, 378 F.3d 745, 749 (8th Cir. 2004)) (internal quotation marks omitted).

The law enforcement officers here were justified in searching the house as part of a protective sweep.[1]

There is no basis for the defendant's motion to suppress, and it should **denied**.

### *Recommendation*

For the reasons stated above, IT IS RESPECTFULLY RECOMMENDED that the defendant's motion to suppress (Doc. No. 38) be **denied**. The Clerk is directed to terminate Doc. No. 29. Objections to this Report and Recommendation must be filed by **May 21, 2012**. Responses to objections must be filed by **May 25, 2012**.

---

[1] In any event, contraband observed in plain view during the protective sweep could have been used to provide probable cause to obtain a search warrant for the defendant's residence. *See United States v. Reinhart*, No. CR08-0015, 2008 WL 4180295, at *6 (N.D. Iowa Apr. 8, 2008).

IMPORTANT NOTE: Any party planning to lodge an objection to this Report and Recommendation must order a transcript of the hearing promptly, but not later than **May 16, 2012,** <u>regardless of whether the party believes a transcript is necessary to argue the objection</u>. If an attorney files an objection without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 15th day of May, 2012.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT